1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

8
9
10
11
12

GIOVANNI GUTIERREZ, et al.,

       Plaintiffs,

    v.

CITY OF ANTIOCH, et al.,

       Defendants.

Case No.  24-cv-01697-PHK

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Re: Dkt. 1

13
14
15
16
17
18
19
20
21

    *Pro se* Plaintiffs Giovanni Gutierrez, Christian Gutierrez, and Rosalba Zendejas (collectively, "Plaintiffs") allege civil rights violations, pursuant to 42 U.S.C. § 1983, against the City of Antioch, the Antioch Police Department ("APD"), and six individual APD officers (collectively, "Defendants") in connection with a May 5, 2007 traffic stop.  [Dkt. 1].  The Court previously granted Plaintiffs' applications to proceed *in forma pauperis* ("IFP"), in accordance with 28 U.S.C. § 1915(a).  [Dkt. 16].  The Court now undertakes a determination of whether Plaintiffs' Complaint satisfies the mandatory screening requirements of 28 U.S.C. § 1915(e)(2)(B).

22
**I.      LEGAL STANDARD**

23
24
25
26

    A complaint filed pursuant to the IFP provisions of § 1915(a) is subject to mandatory review by the Court and *sua sponte* dismissal if the Court determines the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

27
28

    If the Court dismisses a complaint pursuant to § 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee because such dismissal is not on the merits; rather, the

1    dismissal is an exercise of the Court's discretion under the IFP statute. *Biesenbach v. Does 1-3*,

2    No. 21-cv-08091-DMR, 2022 WL 204358, at *2 (N.D. Cal. Jan. 24, 2022) (citing *Denton v.*

3    *Hernandez*, 504 U.S. 25, 32 (1992)).

4        Plaintiffs proceed in this matter *pro se*.  Accordingly, in undertaking the mandatory

5    screening of Plaintiffs' Complaint, the Court construes Plaintiffs' allegations liberally and affords

6    Plaintiffs the "benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)

7    (citation omitted).

8    **II.    ANALYSIS**

9        As an initial matter, the Court notes that Plaintiffs filed their original Complaint on March

10   19, 2024.  [Dkt. 1].  However, Plaintiffs filed a document titled an Amended Complaint on March

11   29, 2024, and filed a document styled as a Second Amended Complaint on June 20, 2024.  [Dkts.

12   6, 17].  Procedurally, Plaintiffs have the right to file an Amended Complaint as a matter of course

13   no later than twenty-one days after service of the original Complaint.  *See* Fed. R. Civ. P.

14   15(a)(1)(A).  Thus, the Amended Complaint of March 29, 2024 was procedurally proper.

15   However, a Plaintiff may only file a further amended Complaint only with consent of the opposing

16   party or by leave of Court.  *See* Fed. R. Civ. P. 15(a)(2).  The Second Amended Complaint of June

17   20, 2024 was filed without leave of Court (and without consent), and thus is procedurally

18   defective.  Accordingly, the Court **DISMISSES** the Second Amended Complaint [Dkt. 17].

19       The original Complaint asserts causes of action styled as Claims 1 through 8.  The

20   Amended Complaint asserts causes of action styled as Claims 9 through 12, but lacks the

21   statement of facts found in the original Complaint.  It is therefore unclear whether Plaintiffs

22   actually intended to completely replace the original Complaint, or if they intended to supplement

23   or add to the causes of action by filing the Amended Complaint.  If the Amended Complaint is

24   treated as completely replacing the original Complaint, then the face of that pleading lacks a

25   statement of the facts relevant to the case.  Accordingly, given the liberal pleading standards

26   afforded *pro se* plaintiffs, for purposes of this Order and analysis, the Court will screen both the

27   original Complaint and the Amended Complaint (effectively treating the original Complaint as

28   having been incorporated by reference into the Amended Complaint, and not replaced entirely)—

United States District Court
Northern District of California

for ease of reference, the Court will refer to both pleadings as "the Complaint" in this action unless necessary to distinguish between them.  Because, as discussed herein, the Court is dismissing the Complaint (that is, both the original Complaint and Amended Complaint) without prejudice and with leave to amend, Plaintiffs are admonished and advised to correct these issues in any further amended pleadings filed in response to this Order.

### A.    Whether the Complaint is Frivolous or Malicious

The Court first considers whether Plaintiffs' Complaint is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  A complaint is malicious "if it was filed with the 'intention or desire to harm another.'"  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted).

#### 1.   Malicious

As an initial matter, the Court finds that Plaintiffs' Complaint is not "malicious."  Here, the Complaint states causes of action against Defendants under 42 U.S.C. § 1983 for violations of Plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights.  *See* Dkt. 1.  The Complaint has no indicia that Plaintiffs have an "intention or desire to harm" Defendants through this action; rather, the Complaint indicates Plaintiffs' desire to vindicate their civil rights because of the harm allegedly caused by Defendants.  *Cf. Morris v. Nev. Gaming Control Bd.*, No. 3:16-cv-00604-MMD-VPC, 2017 WL 2882704, at *2 (D. Nev. July 5, 2017*), report and recommendation adopted*, No. 3:16-cv-00604-MMD-VPC, 2017 WL 4532152 (D. Nev. Oct. 10, 2017) ("The court notes that duplicative litigation by a plaintiff proceeding in forma pauperis may be dismissed as malicious under 28 U.S.C. § 1915(e).").  Here, Plaintiffs are, for the first time, bringing a lawsuit which seeks to vindicate their civil rights based on alleged harms caused by Defendants, and as a result, the Court finds that the Complaint is not "malicious."

#### 2.   Frivolous

As discussed above, the Second Amended Complaint [Dkt. 17] is procedurally defective under Rule 15.  Accordingly, the Court **DISMISSES** the Second Amended Complaint [Dkt. 17] on the grounds that it is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

With regard to the original Complaint [Dkt. 1] and Amended Complaint [Dkt. 17], the Court finds that at least some of Plaintiffs' claims are "frivolous."  A "case is frivolous if it is 'of little weight or importance: having no basis in law or fact.'"  *Andrews v. King*, 398 F.3d at 1121. The legal defect at issue here is Plaintiffs' standing to sue.

The Complaint avers federal question subject matter jurisdiction pursuant to 42 U.S.C. § 1983.  [Dkt. 1 at 5].  "Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights."  *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (citing 42 U.S.C. § 1983).  Section 1983 "does not create substantive rights, but rather provides the procedural mechanism for vindicating federal statutory or constitutional rights."  *McNeil v. Sherwood Sch. Dist. 88J*, 918 F.3d 700, 706 (9th Cir. 2019) (citing *Baker v. McCollan*, 443 U.S. 137, 145 (1979)).

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy.  Plaintiffs must demonstrate a 'personal stake in the outcome' in order to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of constitutional questions.  Abstract injury is not enough.  The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'"  *City of L.A. v. Lyons*, 461 U.S. 95, 101-02 (1983) (citations omitted).  "[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction[.]"  *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

Importantly, when bringing an action under Section 1983, "a party 'must assert his own legal rights'" and 'cannot rest his claim to relief on the legal rights . . . of third parties.'"  *Sessions v. Morales-Santana*, 582 U.S. 47, 57 (2017) (citation omitted); *see also Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("A federal court's jurisdiction . . . can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action.'") (internal citations omitted).  This general rule applies to claims brought under Section 1983, including those involving the Fourth, Fifth, and Fourteenth Amendments.  *Alderman v. United*

4

1    *States*, 394 U.S. 165, 174 (1969) (stating that Fourth Amendment rights "may not be vicariously

2    asserted"); *Ingram v. United States*, 113 F.2d 966, 967 (9th Cir. 1940) (stating that Fifth

3    Amendment rights may not be invoked on behalf of another); *Moose Lodge No. 107 v. Irvis*, 407

4    U.S. 163, 166 (1972) (stating that claims involving Fourteenth Amendment rights may not "seek

5    redress for injuries done to others").

6            Here, Plaintiff Rosalba Zendejas alleges that Defendants violated the Fourth, Fifth, and

7    Fourteenth Amendment rights of her two sons, named Plaintiffs Christian Gutierrez and Giovanni

8    Gutierrez.  [Dkt. 1].  These claims are based on a 2007 traffic stop initiated by Defendants which

9    involved only Christian Gutierrez and Giovanni Gutierrez, and not Plaintiff Zendejas.  Plaintiff

10   Zendjas asserts no claim based on alleged violations of her own constitutional rights.  On the face

11   of the Complaint, Plaintiff Zendejas is thus attempting to vicariously assert the constitutional

12   rights of her sons.  Under the applicable legal standards discussed above, Plaintiff Zendejas lacks

13   standing to assert constitutional claims on behalf of her sons.

14           Moreover, the Complaint is unclear what exactly, if anything, Plaintiffs Christian Gutierrez

15   and Giovanni Gutierrez are themselves alleging.  Although Plaintiffs are proceeding *pro se*,

16   neither Christian nor Giovanni signed the Complaint and the Complaint does not contain any

17   statements or averments linked directly to either of them.  [Dkt. 1 at 17].  Even under the liberal

18   pleading standard afforded to *pro se* plaintiffs, it is not clear what claims (if any) they are asserting

19   on their own behalf.

20           The Court finds that the Complaint, as filed, constitutes an attempt by Plaintiff Zendejas to

21   bring an action on behalf of other individuals regarding a civil rights matter for which she has no

22   standing to assert.  Accordingly, the Complaint is legally defective due to lack of Article III

23   standing, and thus, for lack of subject matter jurisdiction.  For these reasons, the Court finds that

24   the Complaint has "no basis in law" and is therefore "frivolous" and must be dismissed under

25   § 1915(e)(2)(B)(i).

26           While the Court is dismissing the Complaint, such dismissal is without prejudice to file an

27   Amended Complaint.  The pleading deficiencies discussed herein may be capable of being cured

28   by amendment to the Complaint.  If Plaintiffs Christian Gutierrez and Giovanni Gutierrez sign an

United States District Court
Northern District of California

United States District Court
Northern District of California

1 Amended Complaint which makes clear that they, rather than Rosalba Zendejas, are asserting civil

2 rights actions in their own names, for violations of their own civil rights, against Defendants (and

3 on what grounds such violations allegedly occurred), that would obviate the standing issue.

4 Further, if Plaintiff Zendejas believes that her own civil rights were violated in connection with

5 the incidents underlying the Complaint, then she may also amend the Complaint to assert any such

6 causes of action based on an alleged violations of her personal civil rights.  She would have the

7 required standing to bring an action to vindicate her own constitutional rights, and such an

8 amendment would obviate the standing issue.

9         However, the Court notes that, in any Amended Complaint, each Plaintiff may only assert

10 causes of actions based on alleged violations of each of their own personal civil rights.  That is,

11 Plaintiffs are admonished to avoid the same problem in the original Complaint, and thus should

12 avoid asserting causes of action for violation of constitutional rights on behalf of other persons (or

13 based on another person's civil rights).

14    **B.    Whether the Complaint States a Claim on Which Relief May be Granted**

15         As in most cases, the substantive bulk of the § 1915(e)(2)(B) screening determination

16 focuses on whether the Complaint "fails to state a claim on which relief may be granted."  28

17 U.S.C. § 1915(e)(2)(B)(ii).

18         In reviewing a complaint for these purposes, "[t]he standard for determining whether a

19 plaintiff has failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) is

20 the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."

21 *Watison*, 668 F.3d at 1112 (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).  "The

22 Rule 12(b)(6) standard requires a complaint to contain sufficient factual matter, accepted as true,

23 to state a claim to relief that is plausible on its face."  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121

24 (9th Cir. 2012) (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Detailed factual allegations are not

25 required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

26 conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*,

27 550 U.S. 544, 555 (2007)).  A pleading must "contain either direct or inferential allegations

28 respecting all the material elements necessary to sustain recovery under *some* viable legal theory."

6

1   *Twombly*, 550 U.S. at 562 (citation omitted) (emphasis in original).

2       Moreover, "[a]lthough a *pro se* litigant . . . may be entitled to great leeway when the court

3   construes his [or her] pleadings, those pleadings nonetheless must meet some minimum threshold

4   in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't*

5   *of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

6                    **1.  The Section 1983 Claims**

7       42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute . . .

8   subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any

9   rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

10  injured."  Section 1983 creates a "species of tort liability" that provides relief to persons deprived

11  of rights secured to them by the United States Constitution.  *Carey v. Piphus*, 435 U.S. 247, 253

12  (1978).  To state a claim under § 1983, a plaintiff must allege: (1) the violation of a right secured

13  by the Constitution or laws of the United States; and (2) that the deprivation was committed by a

14  person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

15      Furthermore, as noted above, the allegations must "give the defendant fair notice of what

16  the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555.  However, even

17  under the liberal pleading standard afforded to *pro se* litigants, Plaintiffs' Complaint suffers from

18  recurring ambiguities.  First, regarding several causes of actions, the Court finds it unclear which

19  Defendant is alleged to have harmed Plaintiffs.  For example, in Claims 2, 3, and 8, Plaintiffs list

20  "DA" as one of the Defendants who allegedly violated their civil rights, but Plaintiffs do not

21  provide any specific facts regarding the identity of this individual, nor for which governmental

22  entity this "DA" is employed.  [Dkt. 1 at 11-12, 17].  Even if "DA" is construed as the District

23  Attorney of the county where the underlying events allegedly took place, it nevertheless remains

24  unclear which specific individual is accused here, either a specific prosecutor (such as an assistant

25  district attorney) or the official with the title "District Attorney" at the time.

26      Likewise, in Claim 7, Plaintiffs allege violations of a California libel statute, Cal. Civ.

27  Code § 44, stating that "[i]n Giovanni Gutierrez police report there were many statements that

28  were untrue/false."  *Id.* at 16.  However, it is unclear exactly which individuals or entities are

1   alleged by Plaintiffs to have been responsible for the supposedly false police report.

2          Similarly, in Claim 6, Plaintiffs list "police officers involved" as the Defendants who

3   allegedly violated Plaintiffs' rights.  *Id.* at Dkt. 1 at 15.  In light of the fact that the underlying

4   events occurred nearly two decades ago, the Court finds that such vague language as "police

5   officers involved" is not sufficient to provide fair notice required under the requisite minimum

6   pleading standard.  *See Twombly* at 555.

7          Overall, Plaintiffs' Complaint does not give Defendants fair notice of who is being accused

8   of what, and for these reasons, the Court finds that the Complaint fails to state a claim upon which

9   relief may be granted and should thus be dismissed with leave to amend.  *See e.g.*, *Hardy v. Glob.*

10  *Options Servs., Inc.*, No. 2:13-CV-00514-GMN, 2013 WL 6059154, at *2 (D. Nev. Nov. 14,

11  2013) ("failure to specify which defendants made the statements . . . and failure to specify to

12  whom or how the statements were published are each grounds for dismissal under Rule

13  12(b)(6)."); *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) ("[T]his

14  confusion of which claims apply to which defendants would require that the complaint be

15  dismissed with leave to file an amended complaint.").

16         As an additional matter, the timeline of events pled in Plaintiffs' statement of facts is

17  unclear.  While Plaintiffs assert that May 5, 2007 is the date of the underlying arrest, they do not

18  mention the dates or occurrence of ensuing hearings, court dates, and/or convictions about which

19  they complain.  [Dkt. 1 at 4].  Even liberally construed, the alleged timeline of events is devoid of

20  the kinds of details that would provide Defendants with adequate notice of what they allegedly

21  did wrong, at which point in time.  Further, temporal details are lacking which could impact

22  jurisdictional standing issues discussed above.

23         As noted, the Complaint alleges that the underlying traffic stop occurred over seventeen

24  years ago, on May 5, 2007.  Thus, more detailed pleading as to the timeline and temporal scope of

25  events could also impact statute of limitations issues.  Courts may dismiss a complaint under §

26  1915(e)(2)(B)(ii) when the statute of limitations is "a complete defense which appears on the face"

27  of the pleadings.  *Tate v. United States*, 13 F. App'x 726, 726 (9th Cir. 2001); *see also Von Saher*

28  *v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) ("A claim may be

United States District Court
Northern District of California

8

1
2
3

4
5
6
7
8
9
10
11
12
13

14
15
16
17
18
19
20
21
22
23
24
25
26
27

28

United States District Court
Northern District of California

dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'") (internal citations omitted).

Here, Plaintiffs' Complaint is premised upon alleged civil rights violations that allegedly occurred on May 5, 2007.  The Complaint itself was filed on May 19, 2024—more than seventeen years after the alleged civil rights violations occurred.  "Section 1983 does not contain a statute of limitations.  *See* 42 U.S.C. § 1983.  Federal courts determine the statute of limitations for actions brought under section 1983 by looking to the statute of limitations for personal injury actions in the forum state.  In California, there is a two-year statute of limitations for such actions.  Cal. Civ. Proc. Code § 335.1; *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).  Thus, on the face of the Complaint, it appears that the statute of limitations may have run out several years ago.  Amending the Complaint to provide a clear timeline of events and reasons why the statute of limitations does not bar this action would be appropriate.

Indeed, as to Claim 12, Plaintiffs appear to attempt to argue that the statute of limitations should have been tolled during the intervening seventeen-year period preceding the filing of the Complaint.  [Dkt. 6 at 9].  Plaintiffs allege that the "statute of limitations on bringing a claim does not begin to run . . . until" the date on which Plaintiff Zendejas was notified of the 2007 arrest of her sons, Plaintiffs Christian Gutierrez and Giovanni Gutierrez.  *Id.*  Plaintiffs further allege that Rosalba Zendejas was not provided with this notification until April 2023.  *Id.*  These allegations thus appear to be an attempt to invoke an equitable tolling principle on behalf of Plaintiff Zendejas.  However, as noted above, whether or not Plaintiff Zendejas received notice would be irrelevant if she lacks standing to assert constitutional claims on behalf of her sons.  Tolling of the statute of limitations with regard to Plaintiffs Christian Gutierrez and Giovanni Gutierrez is the more relevant inquiry, to the extent civil rights claims are based on their personal rights.  Because the Court is granting leave to amend, Plaintiffs are admonished that, if they choose to amend the Complaint, they should do so with regard to explaining whether or not the statute of limitations has run with regard to claims asserted by Plaintiffs Christian Gutierrez and Giovanni Gutierrez.

As a final matter, Plaintiffs' Complaint contains several conclusory allegations, such as

1    Claim 1, which includes the statement that "When the police falsely arrest you, they violate your

2    4th Amendment right" followed by the allegation that "Adrian Gonzalez fabricated police

3    reports." [Dkt. 1 at 10]. Such broad allegations are insufficiently detailed fail to "give the

4    defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550

5    U.S. at 555. As noted above, such a failure is grounds for dismissal under § 1915(e)(2)(B)(ii).

6    Because leave to amend is being granted, Plaintiffs are admonished to more fully explain their

7    causes of action with sufficient detail to give fair notice of the claims and their grounds.

8                    **2.   The State Law Claims**

9            The Complaint also alleges claims under California state law. Specifically, Claims 3, 4, 5,

10   and 7 allege violations of California Penal Code §§ 853.7, 278.5(a), 273a(a), and California Civil

11   Code § 44. [Dkt. 1 at 12-14, 16]. As an initial matter, Plaintiff may not assert criminal law

12   against another private party. *See e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A]

13   private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of

14   another*."); Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) ("[T]he decision to prosecute is solely

15   within the discretion of the prosecutor."). Thus, Claims 3, 4, and 5 must necessarily be dismissed

16   for lack of subject matter jurisdiction, because these claims are improper attempts by Plaintiffs,

17   private citizens, to assert violations of criminal law by the Defendants.

18           With regard to Claim 7, Plaintiffs allege that Defendant Officer Adrian Gonzalez violated

19   California Civil Code § 44, a California libel statute, when he allegedly included false information

20   in the police report associated with the May 5, 2007 arrest of Plaintiffs Christian Gutierrez and

21   Giovanni Gutierrez. [Dkt. 1 at 16]. The threshold issue here is whether Plaintiffs may properly

22   assert a state law civil claim in federal court. Typically, such claims may be brought under a

23   theory of supplemental jurisdiction, under which a federal court may hear state law claims over

24   which it would not ordinarily have subject matter jurisdiction. In order to properly invoke

25   supplemental jurisdiction, there must be an underlying federal claim with "substance sufficient to

26   confer subject matter jurisdiction on the court," and further, these "state and federal claims must

27   derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S.

28   715, 725 (1966). Here, it appears that Claim 7 does arise from the same "nucleus of operative

United States District Court
Northern District of California

10

1    fact" as Plaintiffs' federal claims brought under § 1983, namely the May 5, 2007 traffic stop and

2    arrest at the center of this case.  However, if Plaintiffs choose to amend their Complaint to address

3    the jurisdictional and other pleading issues discussed above, the Court will analyze any such

4    amended complaint.  Thus, in any such amended complaint, Plaintiffs are on notice that Claim 7

5    may only be asserted under supplemental jurisdiction if the amended federal claims are

6    sufficiently and adequately pled to avoid dismissal.

7          The Court further notes that Claim 7 is subject to the same pleading standards discussed

8    above.  Notably, in California, there is a one-year statute of limitations for libel or slander causes

9    of action.  Cal. Civ. Proc. Code § 340(c).  Because it appears that Claim 7 alleges libel based on

10   the May 2007 police report, the date of that alleged wrongful act is over seventeen years ago and

11   well beyond the applicable statute of limitations.  Accordingly, if Plaintiffs choose to amend their

12   Complaint, they are admonished to amend so as to assert clearly why they believe the statute of

13   limitations does not bar Claim 7.

14                    **3.  Remaining Deficiencies**

15         As a final note, Plaintiffs' Complaint poses other issues, including being improperly

16   amended.  Plaintiffs filed their original Complaint on March 19, 2024 [Dkt. 1], an Amended

17   Complaint on March 29, 2024 [Dkt. 6], and a Second Amended Complaint on June 20, 2024 [Dkt.

18   17].  The original Complaint contains Plaintiffs' statement of facts, as well as claims numbered 1

19   through 8, while the first Amended Complaint contains only what is referred to as claims 9

20   through 12.  *Compare* Dkt. 1, *with* Dkt. 6.  To the extent Plaintiffs attempt to add additional claims

21   or allegations to their initial pleading, the piecemeal manner in which this was done does not

22   comply with Federal Rule of Civil Procedure 15(a).  "Plaintiff[s] may not amend a pleading

23   piecemeal.  An amended pleading completely replaces prior pleadings, and renders the prior

24   pleading without legal effect."  *Ward v. California*, No. 23-CV-01599-JST, 2023 WL 3590685

25   (N.D. Cal. May 22, 2023) (citing *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012)); *see*

26   *also* Civil L.R. 10-1 ("Any party filing or moving to file an amended pleading must reproduce the

27   entire proposed pleading and may not incorporate any part of a prior pleading by reference.").

28         Thus, in the present case, the original Complaint of March 19, 2024, which is the only

United States District Court
Northern District of California

source of Plaintiffs' statement of facts, is rendered without any legal effect.  While the Court has screened the Complaint under the liberal pleading standard afforded to *pro se* litigants, Plaintiffs are admonished that, if they choose to further amend the Complaint in response to this Order, they should do so with a complete and integrated pleading.  Thus, if Plaintiffs intended to withdraw Claims 1 through 8 and intended (by their amendment) to completely replace the original Complaint, Plaintiffs should make this clear in any further amended complaint.  If, however, Plaintiffs intended to retain Claims 1 through 8 and assert additional claims (as set forth in the amended complaints of March 29, 2024 and June 20, 2024), then Plaintiffs are admonished to make this clear in a properly amended pleading to be filed in response to this Order.

Further, the original Complaint was not properly signed.  "Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented."  Fed. R. Civ. P. 11(a).  As noted, Plaintiffs have chosen to represent themselves and proceed *pro se*. However, Plaintiff Rosalba Zendejas is the only Plaintiff whose signature appears on the original Complaint.  *See* Dkt. 1 at 17.  Neither Plaintiff Christian nor Giovanni Gutierrez signed the original Complaint.  While all three Plaintiffs did indeed sign the May 29, 2024 Amended Complaint, Plaintiffs should be aware that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."  Fed. R. Civ. P. 11(a).  Thus, if Plaintiffs choose to file a further amended complaint in response to this Order, all Plaintiffs shall sign any such amended complaint.

The Court therefore admonishes Plaintiffs to address the deficiencies discussed in this Order when they prepare and submit another amended complaint.

### C.    Whether Defendants Have Immunity from Monetary Relief

While the Court finds that the Complaint must be dismissed for failure to state a claim as discussed above, that does not end the inquiry.  Under the mandatory screening statute, the final issue is whether the Complaint seeks monetary relief against defendants who are immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiffs' original Complaint does not specify the type of relief sought, nor do Plaintiffs' amended complaints.  Plaintiffs are admonished that, pursuant to the standards of an IFP

1  screening, the Court will dismiss any complaint which "seeks monetary relief against a defendant

2  who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(iii).  It is well-established that state

3  officials acting in their official capacity are immune from claims for damages seeking monetary

4  relief.  *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Will v. Mich. Dep't of State Police*, 491

5  U.S. 58, 71 (1989).  This immunity does not extend to state officials acting in their personal or

6  individual capacities.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Here, it is unclear whether Plaintiffs

7  allege that Defendants acted in their official or personal capacities.  Because leave to amend is

8  being granted, Plaintiffs are admonished to clarify whether they are suing Defendants in their

9  official or personal capacities and make clear whether they are seeking damages from each such

10  Defendant (and on what grounds, in light of the immunity discussed above).  Any such

11  amendment should avoid mere conclusory allegations because "the distinction between official-

12  capacity suits and personal-capacity suits is more than 'a mere pleading device.'"  *Id.* at 27.

13  **III.    CONCLUSION**

14       For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs'

15  Complaint [Dkt. 1], Amended Complaint of March 29, 2024 [Dkt. 6], and Second Amended

16  Complaint of June 20, 2024 [Dkt. 17], pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court

17  **GRANTS** Plaintiffs leave to file an amended complaint on or before **December 20, 2024** to

18  address the deficiencies discussed herein.

19       Plaintiffs are **ADVISED** that there are several resources for *pro se* litigants.  The Court

20  makes available a guide for *pro se* litigants called *Representing Yourself in Federal Court: A*

21  *Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every stage of a

22  case, including discovery, motions, and trial.  This guide is available electronically online at

23  https://www.cand.uscourts.gov/wp-

24  content/uploads/2020/02/Pro_Se_Handbook_2020ed_links_12-2021_MBB.pdf or in hard copy

25  form free of charge from the Clerk of Court's Office.  The Court additionally has a webpage with

26  resources for *pro se* litigants: https://www.cand.uscourts.gov/pro-se-litigants/.  In addition,

27  Plaintiffs have the option to seek assistance from the Legal Help Center by making an

28  appointment by telephone at (415) 782-8982 or by email at fedpro@sfbar.org.  The Legal Help

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Center is a free service provided by the Justice & Diversity Center of the Bar Association of San Francisco ("JDC"), and is not part of the United States District Court.  The Legal Help Center is staffed by attorneys employed by the JDC to provide information and limited-scope legal assistance to *pro se* litigants in civil cases.  *See* https://cand.uscourts.gov/about/court-programs/legal-helpdesks/.

     **IT IS SO ORDERED.**

Dated: October 21, 2024

_____
PETER H. KANG
United States Magistrate Judge