United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GIOVANNI GUTIERREZ, et al.,

Plaintiffs,

v.

CITY OF ANTIOCH, et al.,

Defendants.

Case No.  3:24-cv-01697-JSC

**ORDER RE: PLAINTIFFS' FOURTH AMENDED COMPLAINT**

Re: Dkt. No. 42

Plaintiffs Giovanni Gutierrez, his brother Christian Gutierrez, and their mother Rosalba Zendejas, who are representing themselves, bring civil rights claims against the City of Antioch, the Antioch Police Department ("APD") and several individual APD officers arising out of a 2007 traffic stop.  Magistrate Judge Peter H. Kang granted Plaintiffs' application to proceed *in forma pauperis* ("IFP") and twice screened Plaintiffs' complaint under 28 U.S.C. § 1915(e)(2)(B).  (Dkt. Nos. 16, 25, 31.[1])  The case was then reassigned to this Court with a Report and Recommendation to dismiss Plaintiffs' Third Amended Complaint with leave to amend as to some but not all claims. (Dkt. No. 31.)

This Court adopted the Report and Recommendation in part and granted Plaintiffs leave to file a Fourth Amended Complaint to the extent they had a good faith basis for alleging an exception to the statute of limitations for their Fourth, Sixth, Seventh, and Fourteenth Amendment claims, and Plaintiff Christian's defamation claim as to Defendant Officer Adrian Gonzalez.  (Dkt. No. 38 at 5.)  The remaining claims were dismissed without leave to amend.  *Id.*  Plaintiffs have since timely filed a Fourth Amended Complaint.  (Dkt. No. 42.)  After careful review, the Court

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

DISMISSES the Fourth Amended Complaint with prejudice, with one exception, as Plaintiffs' allegations demonstrate the claims are all barred by the statute of limitations. Further, Plaintiffs fail to plausibly allege facts under delayed discovery, equitable tolling, equitable estoppel, or the continuing violations doctrine to support the tolling of their claims.

## BACKGROUND

The Fourth Amended Complaint alleges on May 5, 2007, Plaintiff Christian, who was eighteen years old at the time, was driving down Lone Tree Way in Antioch, California, with his fifteen-year-old brother, Plaintiff Giovanni, seated in the front passenger seat, when the individual Defendant APD officers pulled the vehicle over. (Dkt. No. 42 at ¶¶ 21, 90.) Plaintiff Giovanni alleges Defendants "used unlawful and unwarranted physical beating with excessive force." (*Id.* at ¶ 45.) He also alleges APD failed to notify his parents of his arrest and he was denied access to his police report until April 2023. (*Id.* at ¶ 58.) Plaintiff Christian alleges Defendants wrongfully stopped and "physically assaulted without reason" and based on his race. (*Id.* at ¶ 104.) He alleges he was told his police report did not exist and was denied access to it until April 2023. (*Id.* at ¶ 114.) After he received the police report, he observed the information in it was "false." (*Id.* at ¶ 115.) Plaintiff Rosalba, the mother of Giovanni and Christian, alleges Defendants failed to notify her of the arrest of her minor son, Giovanni, on May 5, 2007. (*Id.* at ¶ 148.) She further alleges the police "withheld and concealed crucial information" from her and she was denied access to her sons' police reports until they received it in April 2023. (*Id.* at ¶¶ 152, 169.) Plaintiffs Giovanni, Christian, and Rosalba collectively allege violation of their Fourth, Sixth, Seventh, and Fourteenth Amendment rights. (*Id.* at ¶¶ 178, 183, 187, 191.) Plaintiff Christian alleges violation of his First Amendment right regarding his defamation claim. (*Id.* at ¶¶ 173-176.)

## DISCUSSION

### I.   Section 1983 Claims

Both state and federal law govern the timeliness of claims under 42 U.S.C. § 1983. Federal law determines the date on which a Section 1983 claim accrues, as well as when the limitations period starts to run. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). However, the length

of the limitations period for such claims is governed by the personal injury statute of the state in which the federal district court sits, *Lockett v. Cnty. of L.A.*, 977 F.3d 737, 740 (9th Cir. 2020); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  Under California law, the statute of limitations for Section 1983 claims is two years. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir. 2007).  Plaintiffs commenced this action on March 19, 2024. (Dkt. No. 1.)  Because all of Plaintiffs' claims accrued well before March 19, 2022, they are all barred by the statute of limitations.[2]

Although a statute of limitations bar is an affirmative defense, it may be resolved at the pleading stage where "the running of the statute is apparent on the face of the complaint" and the assertions of the complaint do not permit a showing the statute was tolled.  *Alexis v. FBI*, 698 F. App'x 507, 508 (9th Cir. 2017) ("The district court properly dismissed Alexis' action as time-barred because the statute of limitations defense for his claims appears on the face of his complaint.").  Accordingly, a time-barred claim may be dismissed upon screening, pursuant to Section 1915(e)(2)(B)(ii), when expiration of the applicable statute of limitations is apparent on the face of the complaint. *Belanus v. Clark*, 796 F.3d 1021, 1026-27 (9th Cir. 2015); *see also Cherry v. Shedd*, 543 F. App'x 716, 717 (9th Cir. 2013) (affirming dismissal of IFP plaintiff's Section 1983 claims as barred by the applicable statute of limitations, where it was evident from the complaint that neither delayed discovery nor a continuing violations theory applied to extend the limitations period).

Given the statute of limitations bar is evident on the face of the complaint, the Court must dismiss unless Plaintiffs plead a basis for extending the limitations period under delayed discovery, equitable tolling, equitable estopping, or the continuing violations doctrine.  Because Plaintiffs have failed to do so, their Section 1983 claims are dismissed with prejudice.

//

---

[2] Because Plaintiff Giovanni was 15 years-old at the time of the incident, the statute of limitations started to run on his claims after he reached the age of majority.  *See Booth v. United States*, 914 F.3d 1199, 1204 (9th Cir. 2019) ("[I]f a cause of action accrues when a plaintiff is a child, the statute of limitations on that cause of action is suspended until the plaintiff attains the age of majority.").  That means the statute began to run at the latest in 2011.

3

United States District Court
Northern District of California

### A.   Delayed Discovery Rule

Under the delayed discovery rule, the accrual of a cause of action may be postponed and the running of the limitations period tolled "until the plaintiff discovers, or has reason to discover, the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). "A plaintiff has reason to discover a cause of action when the plaintiff has reason at least to suspect a factual basis for its elements." *Id.* (cleaned up).

> In order to rely on the discovery rule for delayed accrual of a cause of action, [a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery; and (2) the inability to have made earlier discovery despite reasonable diligence.

*Id.* at 808 (cleaned up).

Plaintiffs allege Defendants' concealment of their police report prevented them from learning about the injuries until April 2023. In particular, Plaintiffs Giovanni and Christian allege:

> I was not aware of the severity of my situation until I finally got the courage to speak up due to debilitating [t]rauma and becoming aware of facts and false statements in [p]olice [r]eport and only after Police Clerks finally released Police Report after concealing it from me stating "it never happened", and "it doesn't exist" for years.

(Dkt. No. 42 at ¶¶ 86, 143.) Plaintiff Rosalba similarly alleges, "I became aware for the first time in April 2023 of attack/assault and shortly after of facts and false statements in Police report after police concealed it not only from my sons but me." (Dkt. No. 42 at ¶ 169.)

Accepting these allegations as to concealment of the police report as true, this concealment does not support an inference the delayed discovery rule applies. That is, Plaintiffs have not alleged facts supporting an inference they needed the police report to be aware of their constitutional claims. For example, they allege the concealment of the police report "prevent[ed] [them] from bringing a case to Federal Court for a jury trial." (*Id.* at ¶ 188.) But drawing all reasonable inferences from the Fourth Amended Complaint in their favor, Plaintiffs were aware of Defendants' conduct underlying their claims as early as May 5, 2007 when the traffic stop took place. *Fox*, 35 Cal. 4th at 808. Plaintiffs' allegations that their "debilitating [t]rauma" (Dkt. No. 42 at ¶¶ 86, 143) prevented them from investigating further does not plausibly support application of the delayed discovery rule because the "factual basis" for their causes of action were known to

4

United States District Court
Northern District of California

them since 2007 at the latest. *Fox*, 35 Cal. 4th at 807. Because Plaintiffs were on notice about the injuries they suffered from the May 5, 2007 incident, their action is not timely. Thus, delayed discovery does not apply here.

### B. Equitable Tolling

"Equitable tolling under California law operates … to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (cleaned up). A plaintiff seeking to invoke California's equitable tolling doctrine must demonstrate: "(1) timely notice, (2) lack of prejudice, to the defendant, and (3) reasonable and good faith conduct on the part of the plaintiff." *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 724 (2020) (cleaned up).

Plaintiffs allege because Defendants "concealed and prevented" them from obtaining the police report for years, "prevent[ing] [them] from filing a lawsuit that was beyond [their] control." (Dkt. No. 42 at ¶¶ 88, 145, 171.) However, Plaintiffs were already on notice about the facts underlying their alleged causes of action on May 5, 2007 and before the statute of limitations had run. *See Belanus*, 796 F.3d at 1027 (finding the extension of equitable tolling to the plaintiff's claims as "contrary to the purpose" of the statute of limitations ensuring timely filing because the defendants did not conceal the existence of the plaintiff's cause of action or prevent him from filing his action within the statute of limitations). Therefore, Plaintiffs cannot rely on the day the police report was revealed to them as the date when these causes of action began to accrue.

### C. Equitable Estoppel

A plaintiff can plead entitlement to equitable estoppel if they allege the defendants' active conduct has gone "above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1046 (9th Cir. 2011). This active conduct is also considered to be "fraudulent concealment." *Lukovsky v. City & Cnty. of S.F*., 535 F.3d 1044, 1051 (9th Cir. 2008).

Plaintiffs allege Defendants "concealed" the police report from May 5, 2007 through 2023, which prevented them from filing a lawsuit because they suffered further trauma. (Dkt. No. 42 at

¶¶ 87, 144, 170.) However, for the reasons explained above, the concealment of the police report does not excuse their failure to file suit. *See Cervantes*, 656 F.3d at 1046. Therefore, Plaintiffs have not alleged facts which support an inference they are entitled to equitable estoppel.

### D. Continuing Violations Doctrine

The continuing violations doctrine, a form of equitable tolling applicable to Section 1983 claims, "functions as an exception to the discovery rule of accrual 'allowing a plaintiff to seek relief for events outside of the limitations period.'" *Bird v. State*, 935 F.3d 738, 746 (9th Cir. 2019) (cleaned up). The "essence" of the doctrine is that "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Id.* (citation omitted). "For the continuing violation doctrine to apply, a plaintiff must show the defendant engaged in 'a pattern of reasonably frequent and similar acts [that] may, in a given case, justify treating the acts as an indivisible course of conduct actionable in its entirety, notwithstanding that the conduct occurred partially outside and partially inside the limitations period.'" *Rankins v. United Parcel Serv. Inc.*, No. 23-cv-05785-JSC, 2024 WL 3416508, at *3 (N.D. Cal. Jul. 15, 2024) (cleaned up). A "continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." *Thomas v. Cnty. of Humboldt, Cal.*, 124 F.4th 1179, 1192 (9th Cir. 2024) (citation omitted).

Plaintiffs do not allege any facts supporting a plausible inference Defendants engaged in a continuing violation. (Dkt. No. 42 at ¶¶ 89, 146, 172.) Rather, Plaintiffs' allegations largely describe discrete acts that took place on May 5, 2007 and the emotional, mental, and physical injuries they suffered as a result. (*Id.*) But the "mere continuing *impact* from past violations is not actionable." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). Plaintiffs also allege Defendants "were involved in similar acts of negligence in not being aware of police officers misconduct calling citizens names as they labeled Christian Gutierrez a Girl comparable to the April 2023 Antioch Police Scandal" and other instances of assault against different people. (Dkt. No. 42 at ¶¶ 89, 146, 172). However, allegations of negligence and assault regarding different individuals are not related to the events underlying Plaintiffs' complaint. Thus, Plaintiffs have not alleged facts supporting application of the continuing violation doctrine.

6

## II.   State Law Claims

Plaintiff Christian alleges Defendant Officer Gonzalez violated provisions of a California defamation statute, California Civil Code §§ 44, 45(a), and 46, when he allegedly included false information about Christian in the police report. (Dkt. No. 42 at ¶ 175.) However, Plaintiffs have not plausibly alleged a federal law claim, so the Court declines to exercise supplemental jurisdiction over the state law claim. *See* 28 U.S.C. § 1367(c); *see also Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367–68 (9th Cir. 1992) ("When federal claims are dismissed before trial ... pendant state claims also should be dismissed." (cleaned up)). Therefore, the Court dismisses Plaintiff Christian's defamation claim without prejudice.

## III.   Other Claims Pled in Fourth Amended Complaint

Despite the Court's Order prohibiting them from doing so, Plaintiffs pled additional claims in the Fourth Amended Complaint. (Dkt. No. 38 at 5 ("Plaintiffs may not add new claims or parties without further leave of court.").) To the extent Plaintiffs seek to plead a First Amendment claim with their defamation claim, they were not given leave to do so, and the claim will be dismissed on this basis. (Dkt. No. 42 at ¶¶ 173-176.) In event, any First Amendment claim would need to be brought as a Section 1983 claim and thus would be barred by the statute of limitations as discussed above.

Likewise, to the extent Plaintiffs also now plead claims for negligence, assault and battery, violation of 42 U.S.C. §§ 1985 and 1986, 42 U.S.C § 2000d, and a *Monell* claim, Plaintiffs were not given leave to allege these claims. (*Id*. at ¶¶ 194-232.) For this reason alone, the claims are dismissed. But even if the Court considers these claims, they, too, are barred by the statute of limitations. *See Holt v. Cnty. of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024) (holding personal injury actions in California are subject to a two-year statute of limitations period); *Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712 (9th Cir. 1993) (holding claims under 42 U.S.C. §§ 1985, 1986 and 42 U.S.C § 2000d are subject to the same statute of limitation as Section 1983 claims); *Baker v. California Highway Patrol*, 601 F. App'x 556, 557 (9th Cir. 2015) (applying California's two-year statute of limitations to *Monell* claim). So, these claims are dismissed with prejudice.

**CONCLUSION**

For the reasons stated above, the Court DISMISSES Plaintiff Christian's defamation claim without prejudice to being pursued in state court.  All other claims in the Fourth Amended Complaint are DISMISSED WITH PREJUDICE and without leave to amend.  Drawing all reasonable inferences in Plaintiffs' favor, the claims are all barred by the statute of limitations as a matter of law, and given Plaintiffs' multiple opportunities to amend, further amendment would be futile.

A separate judgment will be entered.

This Order disposes of Docket No. 42.

**IT IS SO ORDERED.**

Dated: June 26, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California